UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICHARD C. FOX, JR.,

                Plaintiff,

-vs-                                                Case No.  2:10-cv-289-FtM-36SPC

NELSON & ASSOCIATES, INC., doing business
as Woodside Villas,

                Defendants.
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This matter comes before the Court on the Parties' Joint Motion for Approval of Settlement, Joint Stipulation for Dismissal with Prejudice (Doc. #30) filed on February 22, 2011. The Parties indicate they have reached a settlement of the Plaintiff's claims against the Defendant and seek approval of the agreement.

This case was brought under the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et. seq.* The Parties have reached a settlement agreement and seek court approval of that agreement. In Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-1355 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-3. The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to

employees. *Id*. at 1353. The second is under 29 U.S.C. §216(b) when an action is brought by employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to the district court for the district court review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

In this case, the parties have agreed to a settlement amount of $12,000.00. The Plaintiff, Richard C. Fox, Jr., has agreed to accept $5,500,00 in unpaid overtime wages as a fair and reasonable settlement of his claim. Counsel for the Plaintiff, Budgen Law Group, shall receive $6,500.00 in attorney's fees and costs for representation of the Plaintiff.

According to the settlement agreement, the settlement proceeds shall be distributed as follows: one check for the full amount ($12,000.00) to be paid to Plaintiff's counsel, L. Todd Budgen, Budgen Law Group, 400 North Bumby Avenue, Orlando, Florida 32803, which Plaintiff claims represents compensatory damages associated with the Plaintiff's administrative claims and the amount of attorney's fees and litigation costs.

The Plaintiff agrees the settlement figure was entered into knowingly and voluntarily, after having the opportunity to fully discuss it with his attorney. Because the Parties inform the Court that they have agreed to the terms of the settlement after they were counseled by their respective attorneys and the settlement was the result of an arms-length compromise, the Court concludes that the proposed settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA.

Accordingly, it is now

**RECOMMENDED:**

The Parties' Joint Motion for Approval of Settlement, Joint Stipulation for Dismissal with Prejudice (Doc. #30) should be **GRANTED** and the settlement agreement should be **APPROVED** by the District Court. It is further respectfully recommended the case should be **DISMISSED with Prejudice** pursuant to the agreement of the Parties and the Clerk should be directed to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this __1st__ day of March, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record